| | |
|---|---|
| 1 | COMAR LLP |
| 2 | D. Inder Comar (SBN 243732)<br>*inder@comarlaw.com* |
| 3 | 1832 Buchanan Street, Suite 201<br>San Francisco, CA 94115 |
| 4 | Telephone: +1.415.640.5856<br>Facsimile: +1.415.513.0445 |
| 5 | *Attorney for Plaintiff* |
| 6 | GoDigital Records, L.L.C. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GODIGITAL RECORDS, L.L.C., | | CASE NO. |
| | Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| vs. | | |
| NIR MAIMON, | | |
| | Defendant. | |

Plaintiff GoDigital Records, L.L.C., d/b/a AdShare ("**GoDigital**"), by counsel, complains of NIR MAIMON ("**Defendant**") as follows:

## PARTIES

1. Plaintiff GoDigital is a California limited liability company that operates video music channels through the service provider, YouTube, LLC ("**YouTube**").

2. Upon information and belief, Defendant NIR MAIMON, is an individual residing at Hashunit 10\4, Maale Adumim, Israel.

## INFRINGED COPYRIGHTS

3. Plaintiff is the holder of the pending copyright license registration applications, listed in **Exhibit A**, attached hereto (the "**Works**").

4. On or about August 2, 2017, Plaintiff submitted to the Register of Copyrights completed applications for registration, deposit copies, and the applicable fees in order to register the license for the copyrights to the Works. Plaintiff will seek leave of this Court to amend the complaint to attach and incorporate by reference a copy of the certificates of registration when it receives them.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

6. This Court has exclusive subject matter and supplemental jurisdiction under 28 U.S.C. § 1338(a) (original jurisdiction over copyrights; no state court jurisdiction over copyright actions).

7. This Court has personal jurisdiction over Defendant because, among other things, in accordance with 17 U.S.C. § 512 (g)(3), Defendant consented to the jurisdiction of the federal court in the jurisdiction in which the service provider is located. The service provider, YouTube, is located in San

Francisco, California.

## INTRADISTRICT ASSIGNMENT

8. This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## FACTS

9. The owners of music compositions, sound recordings and video who use the Plaintiff's services grant the Plaintiff certain exclusive rights, including the exclusive right to reproduce their works on the Plaintiff's sites, and to publicly perform or display their works.

10. On July 3, 2017, Plaintiff became aware that the Defendant had uploaded various "DJ mix" music videos to the RIMAS network on YouTube that included extracts and, in some instances, the entire contents of the Works without Plaintiff's consent. Attached hereto as **Exhibit B,** which is fully incorporated herein by reference, is a table detailing each of the instances in which the Defendant has uploaded portions of the Works.

11. Defendant Nir Maimon is responsible for at least 12 instances of infringement on the RIMAS channels, Dale Reggaeton DJ NiR Maimon and DJ NiR Maimon Reggaeton, as detailed in **Exhibit B**.

12. Investigations are ongoing and Plaintiff will seek leave of this Court to amend the complaint to include details of any further instances of infringement that are discovered.

13. Pursuant to the provisions of the 17 U.S.C. § 512(c), on July 17, 2017, Plaintiff submitted copyright takedown requests through YouTube's online copyright infringement notification system for the alleged infringements. Attached hereto as **Exhibit C** is a true copy of each of the takedown requests that Plaintiff submitted.

14. On July 22, 2017, Defendant lodged counter-notifications in response to the takedown requests. Attached hereto as **Exhibit D** is a true copy of

each of the counter-notifications that Plaintiff has received. None of the counter-notifications offer any justification for use of the Works and falsely allege that the takedown requests have been made due to mistake or misidentification.

## CLAIMS FOR RELIEF

### Copyright Infringement

### (17 U.S.C. § 501, *et seq.*)

15. Plaintiff incorporates by reference and realleges the allegations set forth in paragraphs 1 through 14 above.

16. At all times relevant hereto, Plaintiff has been the owner of the license to the Works.

17. Without authorization, Defendant has copied and created derivative works of these original, creative works protected by U.S. Copyright Registrations, reproducing and displaying the derivative works, and is thus infringing the copyrights.

18. Defendant knew that he had not paid for use of the Works, knew he did not have permission to exploit the Works or to create derivatives therefrom, and knew his acts constituted copyright infringement. Defendant's conduct was and is willful within the meaning of the Copyright Act.

19. As a result of his conduct, Defendant is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501.

20. Plaintiff has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and lacks an adequate remedy at law to compensate for this harm and damage.

21. Plaintiff is entitled to a permanent injunction in order to restrain infringement, pursuant to 17 U.S.C. §502.

22. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendant has made as a result of his wrongful conduct, pursuant to 17 U.S.C. § 504.

# **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff asks this Court to enter judgment against the Defendant and against his subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with the Defendant, granting the following relief:

1. A judgment that Defendant has infringed one or more of Plaintiff's copyrights;

2. An order and judgment preliminarily and permanently enjoining Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by through or under authority from him, and each of them, from using Plaintiff's copyrights;

3. An order and judgment preliminarily and permanently enjoining Defendant and his officers, directors, agents, servants, employees, affiliates, attorneys and all others acting in privity or in concert with him, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of Plaintiff's copyrights;

4. A judgment awarding Plaintiff all damages adequate to compensate for Defendant's infringement of Plaintiff's copyrights;

5. A judgment awarding Plaintiff Defendant's profits that have been made as a result of Defendant's wrongful conduct;

6. That Defendant be required to file with the Court and serve on Plaintiff within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction;

8. Any other remedy to which Plaintiff may be entitled under applicable law, including all remedies provided for in 17 U.S.C. §§ 502-505.

Respectfully submitted,

Dated: August 3, 2017

COMAR LLP

By /s/ Inder Comar
D. Inder Comar
Attorney for Plaintiff
GODIGITAL RECORDS, L.L.C.